IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEJUAN E. SIMS, SR., ID # 1673128,  )  <br>         Petitioner,                                  )  <br>vs.                                                          )    No. 3:19-CV-2458-X-BH  <br>                                                             )  <br>BRYAN COLLIER,                                  )  <br>         Respondent.                               )    Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on October 17, 2019 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DENIED with prejudice** as barred by the statute of limitations.

### I. BACKGROUND

DeJuan E. Sims, Sr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 conviction and sentence. (*See* doc. 3 at 2.); https://offender.tdcj.texas.gov (last visited Nov. 13, 2019).

Petitioner was convicted of habitual burglary with intent to commit a felony by a jury in Cause No. F10-00789-S in the 282nd Judicial District Court of Dallas County, Texas, and he was sentenced to twenty-three years' imprisonment on September 16, 2010. (*See* doc. 3 at 2-3.) His conviction was affirmed on appeal on June 21, 2012. (*See* doc. 3 at 3); http://txcourts.gov (last visited Nov. 13, 2019). He then filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals that was refused on December 19, 2012. *See* http://txcourts.gov (last visited Nov. 13, 2019). He did not file a petition for writ of certiorari with the United States Supreme

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

Court. (*See* doc. 3 at 3.)

Petitioner's first state habeas application was received and deemed filed on December 6, 2016, and it was dismissed without a written order on June 28, 2017. (*See id.*) His second state application was received and deemed filed on July 19, 2018, and it was denied without a written order on September 26, 2018. (*See id.*) His third state application was received and deemed filed on August 27, 2018, and it was denied on September 26, 2018, without a written order. (*See id.*)

In his federal petition, received on October 17, 2019, Petitioner claims that he received ineffective assistance of counsel when (1) his trial counsel failed to call his sole witness to the stand; (2) his state habeas attorney forced him to submit an actual innocence claim; and (3) his trial counsel failed to request testimony from an independent forensic analyst. (*See* doc. 3 at 6-7.)

## II.  PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is " 'the person' with the ability to produce the prisoner's body before the habeas court." 542 U.S. at 434-35. A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect that may be corrected by amendment of the petition. *See Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (noting that district court should have required petitioner to amend his petition to name the proper custodian to cure what amounted to a mere procedural defect) (citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975)).

Petitioner is currently incarcerated in TDCJ-CID. https://offender.tdcj.texas.gov (last visited Feb. 6, 2019). The state officer who has custody of Petitioner while he is incarcerated in TDCJ-CID is Lorie Davis, the Director of the Texas Department of Criminal Justice, and she should be **SUBSTITUTED** as the proper respondent in this case; Bryan Collier should be terminated as the respondent. *See West*, 478 F.2d at 1031 (noting that the district court would have been justified in treating the habeas petition as if the petitioner had named the proper respondent).

### III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges that his trial counsel was ineffective before or during his criminal proceedings and sentencing. Accordingly, the federal statute of limitations began running when the trial court's judgments adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A).[2]

As noted, Petitioner sought discretionary review from the Texas Court of Criminal Appeals, but he did not file a petition for writ of certiorari with the United States Supreme Court after his PDR was refused. His state conviction became final for purposes of § 2244(d)(1)(A) by the expiration of the ninety-day time frame for seeking further review after the PDR was refused. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir.2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.1.

Because the Texas Court of Criminal Appeals refused his PDR on December 19, 2012, Petitioner's conviction became final ninety days later, on March 19, 2013. The one-year limitations period expired on March 19, 2014. Petitioner filed his petition on September 19, 2019,[3] more than five years later. A literal application of § 2244(d)(1)(A) renders his § 2254 petition untimely.

---

[2] Petitioner has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

B.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).

Petitioner's state habeas applications were received and deemed filed on December 6, 2016, July 19, 2018, and August 27, 2018. Because these applications were filed after the statutory period expired on March 19, 2014, they do not toll the period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).

C.    **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary

5

circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner seems to argue that he was prevented from filing his state writs earlier because he only recently received an affidavit from "Jason," which was "new evidence." (*See* doc. 3 at 9.) He fails to explain who "Jason" is, when he received "Jason's" affidavit, and how the affidavit was necessary to the filing of his state writs, however. Petitioner has also failed to demonstrate entitlement to equitable tolling. *See Phillips*, 223 F.3d at 797. His federal petition was filed over five years after the limitations period expired, and he has failed to show that he has pursued his rights diligently. He is therefore not entitled to equitable tolling.

### D.   Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence

6

presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id*. at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

*McQuiggin* is inapplicable here because Petitioner does not allege that he is actually innocent or present evidence of actual innocence. In fact, he argues in his non-habeas claim that his state habeas attorney provided ineffective assistance of counsel by forcing him to submit an actual innocence claim. (*See* doc. 3 at 6.) His claims are therefore untimely.

### IV. RECOMMENDATION

Lorie Davis, the Director of the Texas Department of Criminal Justice-Correctional Institutions Division, should be **SUBSTITUTED** as the proper respondent in this case, and Bryan Collier should be terminated as the respondent. The petition for writ of habeas corpus should be **DENIED with prejudice** as barred by the statute of limitations.

**SIGNED** on this 31st day of March, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE